## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

FEDERAL INSURANCE COMPANY,

     Plaintiff,

     v.

TARGET CONSTRUCTION SERVICES, LLC,

     Defendant.

Civil Action No:  5:14-cv-1432 (TJM/TWD)

**COMPLAINT**

Plaintiff Federal Insurance Company, by way of Complaint against Defendant Target Construction Services, LLC, alleges as follows:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1.     Plaintiff Federal Insurance Company ("Plaintiff") is a corporation organized under the laws of the State of Indiana with a principal place of business at 15 Mountain View Road, Warren, New Jersey  07061.  Plaintiff is authorized to transact business in the State of New York.

2.     Defendant Target Construction Services, LLC ("Defendant") is a limited liability company organized under the laws of the State of New York with a principal place of business at 6708 Joy Road, East Syracuse, New York  13057.  Upon information and belief, the only members of Defendant are: (i) Joseph N. Bulko, a citizen of New York; and (ii) Robert J. Leo, a citizen of New York.

3.     The amount in controversy between the parties is in excess of $75,000.

4.     Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

<u>The Policy</u>

5.      Plaintiff issued a policy of workers' compensation and employers liability insurance to Defendant under Policy No. 004 4727096 for the effective dates of March 01, 2012 through March 01, 2013 (the "Policy").

6.      The Policy was cancelled effective as of October 01, 2012.

7.      The Policy is an insurance contract which provided insurance coverage for certain liabilities of the Defendant as set forth in the Policy in exchange for the payment of premiums.

8.      Plaintiff fulfilled its contractual obligations and provided the coverage afforded by the Policy.

<u>Audit Premiums</u>

9.      Pursuant to the terms of the Policy, initial premiums were based on information regarding Defendant's estimated exposure for the effective dates of coverage.

10.      Since initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure (*i.e.*, employee payroll) during the effective dates of coverage. This audit can result in additional premiums due to the insurer from the insured or return of premiums due to the insured from the insurer.

11.      The audit of the Policy produced additional premiums of $124,085 owed by Defendant to Plaintiff.

12.      Plaintiff issued invoices and/or demands for the payment of the additional audit premiums to Defendant and/or their insurance broker in a timely fashion.

13.      Defendant has failed and refused to remit payment of the $124,085 owed to Plaintiff.

14.     Defendant is currently indebted to Plaintiff in the amount of $124,085  due to their failure and refusal to remit payment of audit premiums.

## FIRST CAUSE OF ACTION
### Breach of Contract

15.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 14 as if fully set forth herein.

16.     Plaintiff, on numerous occasions prior to filing the instant litigation, demanded payment of $124,085 owed by Defendant to Plaintiff.

17.     Defendant however, has failed and refused to remit payment of the $124,085 owed to Plaintiff.

18.     Defendant has breached the insurance contract between the parties by their failure to remit payment of the audit premiums which it owes to Plaintiff.

19.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $124,085, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $124,085 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

20.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

21.     Plaintiff has provided insurance coverage and related services to Defendant for which Defendant has refused to pay and has been unjustly enriched thereby.

3

22.    Defendant acknowledge and accepted the insurance coverage provided by Plaintiff.

23.    Plaintiff has repeatedly demanded that Defendant remit payment of the amount due and owing to Plaintiff.

24.    Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby causing Plaintiff to suffer damages in the amount of $124,085, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $124,085 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Account Stated**

25.    Plaintiff repeats, restates and realleges the allegation of Paragraphs 1 through 14 as if fully set forth herein.

26.    Defendant, being indebted to Plaintiff in the sum of $124,085 upon an account stated between them, promised to pay Plaintiff said sum on demand.

27.    Plaintiff, on numerous occasions prior to filing the instant litigation, demanded that Defendant remit payment of the acknowledged account due and owing from Defendant to Plaintiff.

28.    Defendant, however, has failed to remit payment.

29.    Defendant's failure to pay the acknowledged balance due and owing to Plaintiff has caused Plaintiff to suffer damages in the amount of $124,085, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant the amount of $124,085 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

Dated: New York, New York
        November 25, 2014

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff
Federal Insurance Company

By:  Samuel J. Thomas
     17 State Street
     New York, New York 10004
     (212) 425-9300
     sthomas@bressler.com